(No. 78-CC-0523— )

JOHN PARSONS, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 15, 1979.*

SHIMEALL and STEWART, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; PAUL M. SENGPIEHL, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

This matter comes on before the Court on a complaint for wages allegedly due him as a result of the layoff as provided for in Ill. Rev. Stat., Ch. 127, Sec. 63b 111.

From the stipulation and evidence introduced at the hearing, it appears:

A. That on October 9, 1973, Claimant was discharged from his certified position as Executive V, Grade 25 with the Industrial Commission.

B. That on October 16, 1973, Claimant filed an appeal with the State Civil Service Commission of Illinois alleging that his removal from his position was illegal and fraudulent and contrary to the Personnel Code of Illinois.

C. That subsequently the Civil Service Commission of the State of Illinois conducted a hearing into Claimant's removal from his certified position.

D. That on May 23, 1975, the Civil Service Commission of the State of Illinois ruled that Claimant's removal was justified.

E. That on June 26, 1975, Claimant appealed said Ruling to the Circuit Court of Cook County under the provision of the "Administrative Review Act."

F. That on March 31, 1976, the Circuit Court of Cook County overturned the decision of the Civil Service Commission and ordered Claimant to be put back in his job.

G. That on April 15, 1976, the State of Illinois appealed said order of the Circuit Court of Cook County to the Appellate Court of Illinois 1st District.

H. That on June 29, 1977, the Appellate Court of Illinois 1st District affirmed and upheld the decision of the Circuit Court of Cook County and ordered Claimant to be reinstated. On July 1, 1977, Claimant was reinstated to his certified position by the Industrial Commission of the State of Illinois.

The only issue before the Court is the amount of compensation as wages due the Claimant because of his wrongful discharge. It was stipulated that the amount due as wages amounted to $102,621.35. To be deducted from this sum is the amount of earnings he had while away from his State of Illinois employment, which sum is to be deducted in mitigation of his total claim, as provided for in the Act.

While employed by the State of Illinois, Claimant also worked as a consultant to various companies in the evenings and on weekends. Some time after being laid off Claimant obtained full-time employment with the Federal Reserve Board. He received from his full-time employer compensation, which, when added to his unemployment compensation, amounted to the sum of $69,788.27. While working full-time with the Federal Reserve Board he continued to do consulting work evenings and on weekends, just as he had while working for the State.

During the period prior to his employment with the Federal Reserve Board, Claimant worked a total of 22 hours at $50.00 an hour rate, receiving $1,100.00 for such consulting work. Respondent claims that his $1,100.00 should be deducted from the sum of $32,833.08, which is the amount Respondent claims is due him after deducting his regular employment wages from the stipulated wages which would have been paid him by the State of Illinois.

Respondent bases this on the fact that this was the only amount of earnings he received during that particular off period.

In *Wagner v. State 26 Ill. Ct. Cl. 402,* we allowed a discharged employee to retain for himself, wages he earned during hours which were in excess of the hours

he worked for the State. While working for the State he worked 45 hours a week. When suspended he worked 60 hours a week. The Court did not require him to use in mitigation the extra wages earned during the extra 15 hours. The present case is similar in spirit and to compel Claimant to account for wages made during extra hours would be unreasonable.

The Court holds that Claimant is entitled to back salary in gross amount of $102,621.35 less $69,788.27 income earned, including unemployment compensation, in mitigation of the loss.

Accordingly, there is hereby awarded to Claimant the amount of $32,833.08 for back salary, plus the State's contribution to the State Employees' Retirement System and to FICA. From the aforesaid award to Claimant there shall be deducted amounts for the Claimant's Federal and State income tax withholding and amounts for the Claimant's contributions to the State Employees' Retirement System and to FICA.